(42 South. 934.)

No. 16,428.

BOLDEN v. BARNES.

(Jan. 21, 1907.)

1. JUDGES — ABSENCE — SUBSTITUTION — POWERS.

The judges of the civil district court of the parish of Orleans may sit in each other's places in each other's absence, and the judge so sitting may grant an appeal from a judgment rendered by the absent judge.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Judges, §§ 140–152.]

2. APPEAL — PROCEDURE — VALIDITY — CONSTITUTIONAL LAW.

The question of whether an appeal has been brought up, stands before that of whether the court has jurisdiction of the appeal. Hence, in every case, whether within or without its competency, the appellate court has jurisdiction to inquire whether the appeal has been brought up, or, in other words, whether it has been "properly brought up"; and Act No. 56, p. 135, of 1904, by requiring the court to make such inquiry in cases of which it has not jurisdiction, with a view to deciding whether to dismiss the appeal or to transfer it to another court, does not confer a jurisdiction not already possessed, and is not unconstitutional as attempting to do so.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3111, 3114.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by William Bolden against D. H. Barnes. Judgment for plaintiff, defendant appeals. Case transferred to Court of Appeal.

Miller, Dufour & Dufour, for appellant. Armand Romain, for appellee.

PROVOSTY, J. The appellee has moved to dismiss this appeal on two grounds:

"First. That the order of appeal was not signed by the judge of the division to which this case was allotted and by whom the case was tried, and hence there is no legal appeal taken herein.

"Second. That the amount in dispute herein does not exceed the sum of two thousand dollars ($2,000). Hence this court is without jurisdiction ratione materiæ."

The first ground of dismissal has been removed by a showing made on certiorari that the judge of division E was sitting in the absence of the judge of division A and that as a consequence the order of appeal was signed by the right judge. That the judge on one division may sit for another, see Austin v. Scovill, 34 La. Ann. 484.

The second ground for dismissal has been properly urged, but the required affidavit for bringing the case within the provisions of Act No. 56, p. 135, of 1904, has been made, and hence the case must be sent to the Court of Appeal.

Appellee opposes this on two grounds: First, because said Act No. 56 authorizes appeals to be thus transferred to the Court of Appeal only when the appeal has been properly brought up, saving that it has been taken to the wrong court, and that in this case the appeal was not thus properly brought up, since the order of appeal was not signed by the right judge; second, because said Act No. 56 is unconstitutional.

The first of these grounds has already been answered by what was said above in dealing with the first ground relied upon for dismissing the appeal, namely, that the order of appeal has now been shown to have been signed by the right judge.

Act No. 56, p. 135, of 1904, reads as follows:

"An act relative to the jurisdiction of the Supreme Court and Courts of Appeal and to authorize either court to transfer to the other the record in any case where the appeal was brought up through mistake in the jurisdiction, instead of dismissing the appeal.

"Section 1. Be it enacted by the General Assembly of the state of Louisiana, that in any case otherwise properly brought up on appeal to the Supreme Court, or to any of the Courts of Appeal throughout the state, the judges of said courts shall have the right, in cases where appellant or appellants shall have appealed to the wrong court, to transfer said case to the proper court instead of dismissing the appeal, and the court to which said case shall have been transferred will proceed with the same, in the same manner as if the said case had been originally appealed to the proper court. Provided that before said transfer is made the appellant

or his attorney of record shall make oath that his appeal was not made for purpose of delay.

"Sec. 2. Be it further enacted, etc., that the judges of either court shall regulate the costs incurred by the appellant and proceedings to be had in such cases."

This act is said to be unconstitutional because the right to transfer the case is made conditional upon the appeal having been "properly brought up," and the investigation of the question whether the appeal has been, or not, "properly brought up," is itself an exercise of jurisdiction, so that the statute has undertaken to confer upon the appellate courts jurisdiction of cases of which under the Constitution they have none.

This argument assumes that the court first determines whether it has jurisdiction of an appeal, and then considers whether the appeal has been brought up, or, to use the language of the statute, "properly brought up." But the process is in the inverse order. The court determines, first, whether there is an appeal—that is to say, whether an appeal has been brought up, or, to use the language of the statute, "properly brought up"—and, having found that there is an appeal to be dealt with, it proceeds to consider whether it has jurisdiction of it. If it finds that it has no jurisdiction of it, it dismisses it, or, under this statute, transfers it. We see in this transfer nothing more than making such a disposal of the appeal as requires no greater exercise of jurisdiction than would be required for a dismissal.

The court necessarily has jurisdiction for determining whether the appeal has been brought up; that is, whether the steps for bringing it up have been taken.

The motion to dismiss is overruled, and it is now ordered that, on the appellant's paying the costs incurred as the result of the present appeal having been brought to this court, instead of to the court having jurisdiction of it, the case be transferred to the Court of Appeal of the Parish of Orleans.