Apparently Judge Porter has abandoned his case. For that reason, and for that alone, I concur in its dismissal. I did not consent to the granting of the writ and the stay order in this case. For that reason, I take no part in the reasons assigned by Justices LAND, BRUNOT, and HIGGINS for the granting of the writ.

## KAUFMAN v. H. G. HILL STORES, Inc.
### No. 16035.

Court of Appeal of Louisiana. Orleans.
March 18, 1935.

R. F. Becker, Jr., of New Orleans, for appellant.

Milling, Godchaux, Saal & Milling and Lawrence K. Benson, all of New Orleans, for appellee.

JANVIER, Judge.

This matter came before us on motion to dismiss the appeal because of alleged lack of jurisdiction ratione materiæ. The petition presented a claim for damages for alleged violation of contractual obligation. The total amount claimed was $16,375, made up of several items. An exception of no cause of action was sustained as to all of the items except one for $150 for rent, and from the judgment dismissing the suit as to all of the items except that one, plaintiff appealed.

On motion of appellee to dismiss the appeal we held that, since the original suit was for more than $2,000 and was not one for damages for redress for physical injuries, or for the death of a person, we were without jurisdiction; but we said that "having reached the conclusion that we are without jurisdiction to entertain the matter, we should not go further and dismiss it," and, following the course that has often been followed since the enactment of Act No. 19 of 1912, we ordered the appeal transferred to the Supreme Court.

In an application for rehearing defendant contends that we should dismiss the appeal in its entirety for the reason that it was one

taken from an interlocutory judgment and that, where this is done, the court to which it is taken should not transfer it, but should dismiss it.

Our attention is called to the wording of the so-called transfer statute, Act No. 56 of 1904, § 1, as amended by Act No. 19 of 1912, § 1, Dart's Louisiana General Statutes, vol. 1, § 1427. We notice that, in order for the Supreme Court, or for one of the Courts of Appeal of the state, to have the right to transfer to the correct court an appeal brought to the wrong court, the matter must have been "otherwise properly brought up on appeal." In Bolden v. Barnes, 118 La. 273, 42 So. 934, 935, the Supreme Court of Louisiana, in discussing this statute, plainly announced that a proper interpretation of it required that the appellate court to which the appeal is taken must, before transferring it, first determine whether it has been otherwise properly brought up; in other words, whether there is an appeal at all. The question involved in the Bolden Case was whether the act was unconstitutional because of its requirement that an appellate court without jurisdiction should first determine whether there was any appeal before it. The court said:

"This act is said to be unconstitutional because the right to transfer the case is made conditional upon the appeal having been 'properly brought up,' and the investigation of the question whether the appeal has been, or not, 'properly brought up,' is itself an exercise of jurisdiction, so that the statute has undertaken to confer upon the appellate courts jurisdiction of cases of which under the Constitution they have none.

"This argument assumes that the court first determines whether it has jurisdiction of an appeal, and then considers whether the appeal has been brought up, or, to use the language of the statute, 'properly brought up.' But the process is in the inverse order. The court determines, first, whether there is an appeal—that is to say, whether an appeal has been brought up, or, to use the language of the statute, 'properly brought up'—and, having found that there is an appeal to be dealt with, it proceeds to consider whether it has jurisdiction of it. If it finds that it has no jurisdiction of it, it dismisses it, or, under this statute, transfers it. We see in this transfer nothing more than making such a disposal of the appeal as requires no greater exercise of jurisdiction than would be required for a dismissal.

"The court necessarily has jurisdiction for determining whether the appeal has been brought up; that is, whether the steps for bringing it up have been taken."

It is interesting to note, in this connection, that prior to the adoption of the so-called transfer statute, where an appeal was taken to the wrong appellate court, that court could do nothing except dismiss the appeal. A realization of the harshness of that rule led to the enactment of the statute under consideration. It was felt, apparently, that where the only mistake is in appealing to the wrong court, the court to which the appeal had been taken should transfer it to the proper court. Here, however, as defendant points out, the appellant has made two mistakes: First, he has appealed from a judgment from which it is claimed no appeal lies; and, second, he has appealed to the wrong court. Thus, it is said that the reason which led to the enactment of the so-called transfer statute does not apply here.

There is no doubt that appellant has attempted to appeal from a judgment from which no appeal lies. A judgment dismissing, on exception, only a part of the claim, is an interlocutory judgment and from such judgment no appeal lies unless irreparable injury will result. See Simeon v. Board of Levee Commissioners, 12 La. App. 21, 23, 124 So. 853; Bossier's Heirs v. Lollingsworth & Jackson, 117 La. 221, 41 So. 553; State ex rel. Pflug v. Judge, 35 La. Ann. 765; Trcka v. Bragmans Bluff Lumber Co., 168 La. 805, 123 So. 332; Feitel v. Feitel, 169 La. 384, 125 So. 280; C. P. arts. 538, 566. It is evident that no irreparable injury will result, since the entire matter may be presented to the proper appellate court when a final judgment is rendered on the entire case.

Following the views expressed by the Supreme Court in Bolden v. Barnes, supra, we conclude that the appeal should not have been transferred to the Supreme Court, but should have been dismissed.

It is therefore ordered, adjudged, and decreed that our original decree herein be, and it is, recalled and annulled, and it is now ordered that this appeal be, and it is, dismissed, at the cost of appellant.

Original decree recalled; appeal dismissed.