JANVIER, Judge.
Mrs. Zulma Bourg, administratrix of the succession of her husband, Hilarus G. Bourg, appeals from a judgment maintaining an exception of no cause of action and dismissing her suit for • damages for 'the death of her husband. The suit was ■brought against the employer of her husband, J. Ray McDermott & Co., Inc., under the provisions of section 33 of the Merchant Marine Act of 1920, known as the Jones Act, 46 U.S.C.A. § 688.
 The plaintiff alleged that her husband “in the course of his employment as a pilot of a vessel owned and operated by the' defendant * * * was injured by a blow on the lower right side of his body, caused by being struck by the pilot wheel, which got out of control, because of the negligence and carelessness of the defendant.”
She also alleged that after the accident her husband “asked to be relieved from his job as pilot and the mate the next in command relieved him and took charge of the vessel * * and that shortly thereafter her husband went to bed and, at about five o'clock the next morning, he was found dead in his bed on the vessel.
She alleged that his death resulted “from the effects of said injuries and the failure to be provided medical attention.” She made no other allegation whatever as to the details of the acts of negligence or carelessness charged ■■ against defendant and no allegation whatever as to why or when the defendant failed to furnish medical attention.
The defendant filed exceptions of vagueness and of no cause of action.
So far as we can ascertain from the record, both exceptions were maintained.
In their brief counsel for defendant-ap-pellee .say: “It is our understanding that the reason- for the dismissal of the suit was that counsel ■ for plaintiff stated in argu *719 ment that he was unable to amend or to give additional facts.”
And counsel also say that, in their opinion, this must have occurred “because, .obviously, a trial Judge of over twenty-five years experience would not likely dismiss a suit on an exception of no cause of action where an amendment could properly be made.”
Counsel for plaintiff-appellant, on the other hand, states that “ * * * the ruling of the court on the exception of vagueness and dismissing the suit, without an opportunity to amend, was erroneous.” '
Counsel for plaintiff insists that the petition contains sufficient allegations of fact to put the defendant, on notice as to what are the negligent acts which are charged, and that, consequently, it states a cause of action; and counsel also contends that even if it -does not contain specific charges of negligence, still it sets forth a cause of action for the reason that the doctrine of res ipsa loquitur is applioable and that under this doctrine the duty of explaining that there was no fault on its part rests upon the defendant.
It is very obvious that the petition does not state a oause of action and we think it also very clear that the doctrine of res ipsa loquitur is not applicable.
In Smith v. United States, 96 F.2d 976, 978, the United States Circuit Court of Appeals for the Fifth Circuit said: “The doctrine is not applicable in any case unless, by a process of probable reasoning, the facts and circumstances point out the wrongdoer, the tortious character of his act, and exclude other probable causes of the injury.”
In 46 U.S.C.A. §'688, in an article entitled “Commentary on Maritime Workers” by James Henry Willock appears the following: “The gist of an action under the Jones Act is negligence. In order to maintain an action under the Aot, the seaman must allege and prove negligence, .for unless the seaman can establish negligence of the owners of the vessel, or her officers, agents, or employees, no, liability. exists.”
Counsel for plaintiff relies confidently on the decision of the Supreme Court of the United States in Jesionowski v. Boston & M. R. R., 329 U.S. 452, 67 S.Ct. 401, 91 L.Ed. 416, and argues that that decision supports his view that the doctrine he relies on is applicable here. The facts of that case in no way resemble those presented in this record.
There, there was a perfect situation for the application óf the doctrine of res ipsa loquitur. The deceased was a railroad trainman. He had taken his position on top of a freight car. The train was derailed. The cause was unknown. The Supreme Court held the doctrine of res ipsa loquitur applicable, quoting with approval the following langauge from San Juan Light & Transit Co. v. Requena, 224 U.S. 89, 32 S.Ct. 399, 401, 56 L.Ed. 680: “when a thing which causes injury, without fault of the injured person, is shown to be under the exclusive control of the defendant, and the injury is such as, in the ordinary course of things, does not occur if the one having such control uses proper care, it affords reasonable evidence, in the absence of an explanation, that the injury arose from the defendant’s want of eare.”
We especially direct attention to the words “without fault of the injured person” and also note that the “thing” must be “ * * * under the exclusive control of the defendant”.
Here there is nothing to eliminate the possibility, or rather probability, that there must have been fault on the part of Bourg himself who was in charge of the steering wheel and in charge of the vessel, and, furthermore, as we have'already said, the “thing” which caused the injury whs not only not under the exclusive control of the' defendant, but it was under the exclusive control of plaintiff’s husband.
Each of the other' cases cited by plaintiff presents facts which make the doctrine of-res ipsa loquitur applicable. The facts presented here do not.
. The charge that the defendant failed to furnish medical- care and that the allegation as to this sets forth a -cause of action cannot be- seriously considered. The deceased was himself the master of the *720 vessel. He was in full charge. If he required medical attention it'-was his duty to look for it, or to ask the mate to stop the vessel and obtain a physician. Obviously, he could have done this since he had called the. mate and turned-over the control of the vessel to him. There is no allegation to show that he told anyone that he needed medical assistance, and surely defendant could not be held liable for failure to furnish assistance under such circumstances.
We conclude that the petition does not set forth a cause of action, and' that, since the doctrine of res ipsa loquitur is not applicable, plaintiff’s suit should be dismissed unless, by amendment, he can allege facts which will disclose a causé of action.
We further conclude,- however, that it cannot be determined from the record that plaintiff has been unwilling to or cannot allege additional facts, and we think that the opportunity to make such additional allegations should be afforded to her.
The modern rule that a suit should not be dismissed on an exception of no cause of action where it is possible that by amendment a cause of action may be stated is now well recognized. That counsel for defendant recognize this is evidenced by the statement from their brief, which we have already quoted, to the effect that a judge of twenty-five years experience would not dismiss a suit on an exception' of- no cause of action where an amendment could properly be made.
Our conclusion is that the matter should be remanded to the end that the plaintiff may be afforded an opportunity to, make such additional allegations as the facts may justify.
Accordingly, the judgment appealed from is annulled, avoided and reversed, and the matter is remanded to the Twenty-fourth Judicial District Court for the Parish of Jefferson for further proceedings consistent with the views herein expressed; all costs to await a final decision.
Reversed and remanded.