McBRIDE, Judge.
Our original opinion is reported in 55 So. 2d 596. We granted a rehearing limited only to plaintiff’s alternative claim for rent. The appeal was taken by Riley Allen from an adverse judgment rendered, after a nearing on the merits, on his demand against Cyril Joseph Anderson et al. that 'he be judicially declared to be the owner and entitled to possession of the whole of certain lots situated in Stafford Subdivision, Jefferson Parish, of which he averred the defendants were in possession. In the alternative, Allen had alleged that in the event it was 'held that the defendants owned a one-half interest in the property, he should be allowed to recover from them rent at the rate of $8 per month from February 16, 1950, for their use and occupancy of his half of the property. He prayed, in the alternative, for a judgment accordingly.
We affirmed the judgment of the lower court dismissing Allen’s suit on the main demand. As to the alternative demand, we took the position that appellant had abandoned it. However, after carefully analyzing the pleadings, we now believe that our assumption that the rent claim had ■been abandoned was erroneous.
To plaintiff’s original petition, which set forth the alternative demand, defendants interposed the exception of no cause of action, which was maintained by the court below. Plaintiff then amended his petition, reiterating “all of the allegations of the original petition, except the alternative demand, which the Court held was improperly made, but reserving all rights thereunder.”
The matter was tried only on 'the claim of ownership asserted by Allen.
We believe that the judgment maintaining the exception of no cause of action, which eliminated the alternative demand from consideration on the merits, came before us for review along with the judgment on the merits of the case. A judgment dismissing, on exception, only a part of that which is claimed by plaintiff is an interlocutory judgment, from which no appeal lies unless there results irreparable injury, and the entire matter may 'be presented to the appellate court when a final judgment is rendered in the case. Therefore, the entire case, inclusive of the judgment maintaining the exception as against the alternative demand, should have been passed upon by us on the appeal. See Kaufman v. H. G. Hill Stores, Inc., La.App., 159 So. 745.
*52 We do not know why the alternative claim was dismissed; the explanation given by appellant is that the exception was maintained because the trial judge concluded that the rent claim was inconsistent with the main demand. If this be true, the exception should have been overruled. It is now well settled that inconsistent claims may be cumulated in the one action, if they are pleaded in the alternative, which was done in this case. Templet v. Babbitt, 198 La. 810, 5 So.2d 13.
Riley Allen owns an undivided one-half of the property. He alleges that defendants occupied the premises from February 16, 1950, without paying him therefor, and that he is due $8.00 a month. For the purposes of the exception, the al-' legations must be taken as true, and he is entitled to be heard on the claim.
Plaintiff was without right to appeal from the judgment maintaining the exception as to part of his claim, and was inhibited from introducing evidence on the trial of the merits of the case to support the claim.
In view of our conclusion that the judgment maintaining the exception was improper, the judgment should be reversed and the matter remanded to the lower court for further proceedings according to law on the alternative claim for rent.
It is now ordered that our original decree be amended as follows: the judgment of May 1, 1951-, is affirmed;' the judgment of February 27, 1951, maintaining the exception of'no cause of action as against the alternative demand is reversed and the exception is overruled, and the matter is now remanded to the trial court for further proceedings on the claim for rent. Defendants-appellees are to pay the costs of this appeal, and costs of the lower court are to await a final determination of the case; as thus amended, our original decree is reinstated and made the final judgment of this court.
Original decree amended and reinstated.