**65 So.2d 126**

### ANGELETTE v. HARDIE.

No. 40247.

April 27, 1953.

Andrew H. Thalheim and Richard A. Thalheim, Gretna, for plaintiff-appellant.

Maurice R. Woulfe, New Orleans, for defendant-appellee.

HAWTHORNE, Justice.

In this case plaintiff has instituted one suit containing two separate and distinct causes of action against the defendant, arising out of different facts and circumstances and unrelated to each other in any way whatsoever. One is a tort action in which he seeks to recover from the defendant the sum of $1000, and the other is an action to annul and set aside an act of sale in which

his deceased maternal grandmother had conveyed to her son, the defendant, a lot or parcel of land situated in Gretna, Louisiana.

The district court sustained exceptions filed by the defendant and dismissed plaintiff's suit, and he appealed to the Court of Appeal for the Parish of Orleans. Appellee filed in that court a motion to dismiss the appeal on the ground that the amount in dispute exceeded the maximum jurisdiction of that court. Since plaintiff had alleged that the value of the property sold was in excess of $2000, the Court of Appeal considered that it was without appellate jurisdiction under the authority of the case of Templet v. Babbitt, 196 La. 303, 199 So. 127, and ordered the appeal transferred to this court. See Angelette v. Hardie, La. App., 50 So.2d 84.

As pointed out in the opinion of the Court of Appeal, plaintiff did allege that the value of the property exceeded $2500. There are other allegations of plaintiff's petition, however, which show conclusively that the *amount in dispute* in the instant case is less than $2000, and consequently this court is without appellate jurisdiction.

There is no allegation in the petition that plaintiff would become the owner of the property in its entirety in the event the sale was set aside. He alleged that his maternal grandmother, Mrs. Judith Alfred Hardie, died leaving as her sole and only heirs the petitioner and two children. One of these children is the defendant, and the other has not been made a party to these proceedings. Consequently, if plaintiff should prevail in this suit and the sale of the property should be annulled and set aside, he could recover only an undivided one-third interest in the property as one of the three heirs of his deceased grandmother, and the other two-thirds would vest in the defendant and the other heir.

If we accept plaintiff's allegations that the property was worth in excess of $2500, the undivided one-third interest which is all he could hope to recover would be worth only about $800, and this is the only amount in dispute in his cause of action to annul the sale and is far below the amount necessary for the appellate jurisdiction of this court. Even if he were permitted to cumulate the $1000 claimed in tort with the value of his interest in the property (of this we express grave doubt), the amount in dispute would still be less than our minimum jurisdictional amount.

The case of Templet v. Babbitt, supra, which the Court of Appeal cited as authority for transferring the appeal in this case, is easily differentiated from the instant case. There, as here, there was an allegation of the value of the property in an amount in excess of our appellate jurisdiction, but in that case, since the plaintiff, if successful in setting aside the sale, would have recovered the entire property, the amount in dispute was the value of *the entire interest in the*

*property,* and not the value of *a fractional interest* as in the case presently under consideration.

For the reasons assigned, it is ordered that this appeal be transferred to the Court of Appeal for the Parish of Orleans, provided that the record be filed in that court within 30 days from the date this judgment shall become final; otherwise the appeal shall be dismissed. Costs in this court are to be paid by the appellee, Charles A. Hardie.