REGAN, Judge.
Plaintiff, Aubrey M. Angelette, instituted this suit against the. defendant, Charles A: Hardie, which emanates from two separate and distinct causes of action — one in tort in which he claims $1,000 and the other— an action .to annul a sale of a lot of ground in Gretna, Louisiana, sold by his deceased maternal grandmother to her son, the defendant, for the price of $1,000. Plaintiff predicates his claim to have the act declared a nullity on three alternative grounds: first, that the sale was made under duress and undue influence and without consideration ; second, that if there was a consideration given as recited in the act of sale, it was subterfuge and was returned to the defendant; and, third that the sale is tainted with lesion beyond moiety, since the property was actually worth $2,500.
Defendant pleaded the prescription of one year ostensibly aimed at plaintiff’s action in tort, exceptions of vagueness and of no cause or right of action. These exceptions, apparently, were not passed upon by the trial court. He then pleaded, that the demand for the annulment of the sale predicated on the nonpayment of the purchase price was inconsistent with the other two alternative demands and thereupon the *197 court, a qua, ordered plaintiff to show cause why he should not be required to elect which remedy he chose to pursue. The rule nisi was made absolute and plaintiff alleging himself to be aggrieved thereby prosecuted an appeal to- the Supreme Court.
The defendant responded by filing a motion in that court to dismiss the appeal which, after consideration by the court, was denied. Angelette v. Hardie, 1944, 204 La. 972, 16 So.2d 537. Subsequently the Supreme Court, on its own motion, was of the opinion that the appeal should be dismissed since it was prosecuted from an interlocutory judgment and that the plaintiff had failed to show that the judgment would cause him irreparable injury as required by Article 566 of the Code of Practice. Id., 1949, 216 La. 461, 43 So.2d 794.
After the dismissal of his appeal, plaintiff returned to the lower court and “with full reservation of all of his rights” elected to proceed with the action for the rescission of the sale based on his assertion that there was a nonpayment of the purchase price for the subject thereof.
Defendant now pleaded that the remedy plaintiff chose to elect as well as the suit in tort was prescribed and reiterated his exceptions of no cause or right of action and vagueness, which were maintained by the court, a qua, and from that judgment dismissing his suit plaintiff appealed- to this court. Defendant again moved for a dismissal of the appeal predicated on the allegation that the amount involved exceeded our maximum jurisdiction and, therefore, we were without authority to adjudge the matter. We were of the opinion that the value of the property was in excess of $2,000 and, therefore, we were without appellate jurisdiction under the authority of Templet v. Babbitt, 196 La. 303, 199 So. 127 and, accordingly, ordered the appeal transferred to the Supreme Court. Angelette v. Hardie, La.App.1951, 50 So.2d 84.
Upon consideration of this matter-by the Supreme Court it was of the opinion that although plaintiff’s petition alleged that the value of the realty exceeded $2,500, it analytically reflected that plaintiff was only one of three heirs of the grantor and hence could recover only an undivided one-third interest in the realty, therefore, the amount in dispute was less than the maximum necessary to invoke the appellate jurisdiction of the Supreme Court. Angelette v. Hardie, 1953, 233 La. 167, 65 So.2d 126, 127.
The first query posed for our consideration is whether the judgment of the trial court was correct in ordering plaintiff to elect between his demand for the annulment of the sale for the nonpayment of the purchase price and his alternative demand that the sale was tainted with lesion beyond moiety.
We are of the opinion that the judgment ordering plaintiff to elect was erroneous. It is true that the two demands or- causes of action set out in plaintiff’s petition may be inconsistent, but inconsistent causes of action may be cumulated in one suit if the causes or demands are pleaded in the alternative, which is what occurred in this case. We believe the existing jurisprudence, amply supports this conclusion. Allen v. Anderson, La.App.1952, 57 So.2d 50; Templet v. Babbitt, 1941, 198 La. 810, 5 So.2d 13.
The second query posed for our consideration is whether the judgment of the trial court was in error in maintaining the plea of prescription.
We have made a careful analysis of the pleadings and we are convinced that the exception of prescription was improperly maintained with respect to plaintiff’s claim sounding in tort and also to his action for the rescission of the sale, and we are, therefore, of the opinion that these pleas should be overruled.
The third query posed for our consideration is whether the judgment of the trial court was also in error in maintaining defendant’s exceptions of “vagueness” and of “no cause or right of action.”
This suit was filed December 11, 1942, and has been pending continuously before the Courts of this State due to the invocation of “technicalities” of one sort or anoth- *198 cr for a period of approximately eleven years, hence an opportunity has never been afforded whereby the merits thereof were considered. In Home Services v. Marvin, La.App.1948, 37 So.2d 413, 415, we ob-. served:
“If we were to accept the reasoning of defendant’s counsel with respect to ‘technicalities’ and apply it with all of its implications to this case we would,' in effect, be recognizing the validity of the sophistry that prevailed during the regime of ‘technicalities’ in Louisiana, usually referred t® as the Augustan age when, in the heyday of that era, pleadings were deemed to be an end in themselves rather than merely a means to an end. Apparently, a dilemma which systemized legal philosophy must 'face' and solve is a combination of a due regard for the claims of justice and equity with a procedural system rigid enough to be workable. When we favor one system of thought as diametrically opposed to the other, it is usually with the result that, one of two things' happens, either all system is abandoned,' or the system becomes such a labyrinth of technicalities that the reasoning of the courts is influenced almost entirely by the desire to apply and adhere to its procedural rules and, in the final analysis, only incidentally by the merits of the cases per se.”
In Bourg v. J. Ray McDermott & Co., La.App. 1951, 52 So.2d 717, we were of the opinion that a suit should not be dismissed on an exception of no cause of action where it is possible that, by amendment, a cause of action may be stated.
In Reynolds Metal Co. v. T. L. James & Co., La.App., 69 So.2d 630, we observed:
“For eighty-five years appellate courts in Louisiana had vacillated as to whether a petition which fails to state a cause of action due to an insufficiency of allegations may be amended after issue is joined. • The three cases relied upon by exceptors were decided during that period in our jurisprudence when such amendments were not countenanced.
“However, the tendency of modern practice is to yield as little as possible to technicalities and to be liberal in upholding substantive rights instead of subtle technicalities, and to allow amendments to petitions that • fail to state a cause of action due to insufficient allegations. * * * An exception of no cause of action based on an insufficiency of allegations in the petition only amounts to an exception of vagueness, and although it is meritorious and is sustained, the plaintiff will be entitled to amend the petition to supply the want of allegations of fact. * * * Such amendment should be allowed even though it is made after the period of prescription has accrued. If the main demand is timely made, that demand is the test and not the sufficiency of the allegations which support it. * * * ”
We are of the opinion that the exceptions of no cause of action and of vagueness were technically maintained, however, the trial judge should have afforded the plaintiff an opportunity to amend his petition so as to supply such essential allegations as the facts may justify, therefore, the matter is remanded for this purpose.
For the reasons assigned the judgment appealed from is annulled, avoided .and reversed and the exceptions of vagueness, no right or cause of action and the pleas of prescription are overruled and the case is now remanded to the Twenty-Fourth Judicial District Court for the Parish of Jefferson in order to permit plaintiff to amend his petition, the amendment' to be made within fifteen days from the finality of this decree and thereafter the matter is to be proceeded with according to law. •
Reversed and remanded.