REGAN, Judge.
The plaintiff, Emile Bourgeois, instituted this suit against the defendant, Clement LeBlanc, endeavoring to recover the sum of $1,758, as damages for the breach of an oral building contract entered into between the plaintiff and the defendant for the con-.-struction of a frame dwelling.
Defendant pleaded the exceptions of no right or cause of action.
*778 .From a 'judgment' 'maintaininráf the exception of no cause of action ajfid dismissing' plaintiff’s suit, he has pro/secuted this appeal. ■ /
. Plaintiff asserts ⅛. Wa petition that he .entered into apt* oral contract. with the de-leiitnnt por the construction of a frame dwelling for the price of $650, all of the materials to be used therein to be furnished by himself; the foundation therefor was erected and completed by the defendant within a-period of'five days; thereafter the construction work was performed by defendant’s ¡.two sons, Harvey and Virgia LeBlanc; the material for the dwelling was furnished by the plaintiff- through the medium of Boudreaux Lumber Company in conformity with the requirements of defendant or his two sons; a subsequent oral agreement was entered into between plaintiff and Virgia .LeBlanc, as agent of the defendant, for the installation and finishing of sheet rock and painting of the' dwelling for the price of $232; that plaintiff paid for the dwelling in full; upon completion of the house plaintiff moved therein; subsequently he discovered innumerable defects which defendant endeavored to remedy unsuccessfully; plaintiff then secured from á licensed contractor a bid of $1,758 to re'pair the dwelling, which is the amount sought to be recovered in this suit.
A casual reading of the petition reflects that it contains an abundance of very vague allegations and it is difficult to determine therefrom precisely what plaintiff intended to prove. However, in our opinion, under the existing jurisprudence the suit should not have been dismissed, but the plaintiff should have been afforded an opportunity to amend his petition and by virtue thereof set forth clearly what he intended to prove.
The trend, nay the established jurisprudence, is to yield as little as possible to technicalities and to -be liberal in upholding substantive rights so as to permit amendments to petitions that fail to state a cause of' action due to insufficient allegations. The law has ceased to be a scientific game which may be won or lost by playing some particular move. Angelette v. Hardie, La. App., 1954, 70 So.2d, 196; Reynolds Metal Co. v. T. L. James & Co., Inc., La.App., 1954, 69 So.2d 630; Bourg v. J. Ray McDermott & Co., La.App., 1951, 52 So.2d 717; Home Services v. Marvin, La.App., 1948, 37 So.2d 413.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that this case be remanded to the Twenty-Third Judicial District Court for the Parish of St. James for further proceedings according to law and consistent with the views herein expressed.
Reversed and remanded.