AYRES, Judge.
Plaintiffs, who are children and grandchildren of Benjamin Van Bradford, seek to have certain purported sales of real estate and personal property made by him to the defendants decreed simulations and, as such, null and void, and to have certain purported purchases of other real property allegedly made by him in the names of the defendants decreed the property of his estate and, as such, owned in indivisión by plaintiffs and defendants.
From the judgment rejecting plaintiffs’ demands but reserving their rights to attack said transactions as donations and subject to collation, plaintiffs appealed to this court.
A motion has been filed by the defendants to dismiss the appeal, or, in the alternative, that the appeal be transferred to the Supreme Court, because the value of the properties involved and in contest exceeds $2,000, the constitutional limitation of the jurisdiction of this court in such cases.
We are of the opinion this court is without appellate jurisdiction. A mathematical calculation of the values of the fractional interests claimed by plaintiffs in the properties involved, based on the consideration recited in the various deeds filed in evidence and in the testimony as given on the trial, discloses the value of the interests in contest exceeds our jurisdiction. See Angelette v. Hardie, 223 La. 167, 65 So.2d 126.
The appeal should have been lodged in the Supreme Court. See Article 7, Sec *2 tion 10 of the Constitution of 1921. This appeal, however, should not be dismissed but transferred to the Supreme Court. LSA-R.S. 13.4441.
It is, therefore, ordered, adjudged and decreed that this appeal be, and it is hereby, transferred to the Supreme Court of Louisiana, the transfer to be made within sixty days after this judgment becomes final, and, if not so made, then the appeal is to be deemed dismissed. Appellants are to pay the costs of appeal in this court; the remaining costs are to await final determination of the matter.
Transferred to the Supreme Court.