MARVIN, Judge.
More than 10 years after the death of this intestate decedent in 1967, plaintiff sought possession of his estate, claiming that she is his surviving widow by virtue of a 1933 marriage. Others, claiming consanguinity to decedent, opposed plaintiff’s claims. The trial court found that although plaintiff and decedent had lived together for about three years, she had not proved that a marriage ceremony occurred or that their living together was as husband and wife. From the rejection of her demands, plaintiff appeals. We affirm.
In support of her testimony, plaintiff introduced the 1933 license authorizing the marriage, a certificate showing that a child was born to plaintiff about eight months after the date of the license, and the testimony of her 80-year-old female cousin. Plaintiff’s child died in infancy. The birth certificate shows decedent and plaintiff as the lawfully married parents of the child, the length of pregnancy as nine months, and the child as full term.
Where the evidence will support a finding that marriage records have been lost or destroyed, even circumstantial evidence may prove the existence of a marriage. Brown v. Texas & P. Ry. Co., 18 La.App. 656, 138 So. 221 (2d Cir. 1931). This evidence must be substantial and convincing and must come from reliable witnesses. Johnson v. Hogan & Winchester Transfer Co. et al., 171 So. 467 (La.App. 1st Cir. 1936).
The trial court noted many discrepancies and contradictions in the testimony of plaintiff and her witness and resolved the factual and credibility issues against plaintiff. The trial court was not clearly wrong in its determination. The total circumstances strongly indicate that plaintiff and decedent were not wed in a ceremony and did not live together as man and wife.
In answer to interrogatories, plaintiff listed only three persons, all of whom were deceased, as witnessing the alleged ceremony. About a week later by amended answer she listed her cousin as being present. During the later trial plaintiff and her cousin stated that many people were present. Plaintiff said a niece of the decedent, yet living, was present. Plaintiff insisted that the marriage ceremony, performed by Rev. Taylor, occurred on April 8, 1933, the date of the marriage license.
Plaintiff’s cousin said that plaintiff’s sister, yet living, was present at the ceremony and that the marriage was performed during the fall of the year at crop-gathering time. Neither the decedent’s niece nor the plaintiff’s sister were called as witnesses. Plaintiff’s cousin did not recall anything out of the ordinary about Rev. Taylor, except that he was an older man. Other testimony showed Rev. Taylor to have been a grossly deformed hunchback of distinctive appearance. Other testimony, admitted without objection, was to the effect that the neighbors and family who knew plaintiff and decedent did not consider them to have been husband and wife or to have been married in a ceremony.
Plaintiff contended that the certificate of the marriage was destroyed when the home in which she and decedent first lived was consumed by fire. Contrary testimony established that no home in which decedent and plaintiff lived had ever been on fire. Plaintiff said the marriage certificate was signed by her mother, her brother and the preacher’s wife, all since deceased. Plaintiff’s cousin insisted that she signed the marriage certificate as a witness.
Plaintiff first married a man named Doughty who died before 1933. In 1941, after plaintiff left the decedent, she married a man named Malcolm. Her 1941 marriage record shows Doughty as the name of her former husband and shows her name to have been listed as Marie Davis Doughty. Plaintiff admits that she went by the name *925 of Doughty after she left decedent and that the 1941 marriage record bears her signature, Marie Davis Doughty. Plaintiff obtained a divorce from Malcolm about 1967 and has continued to go by that name. Plaintiff never sought a divorce from the decedent, yet she legally married Malcolm in 1941 and had three children by him.
The trial court stated that the evidence presented by plaintiff and her cousin was “not convincing” and that the cousin’s testimony probably was the result of the “power of suggestion”. The trial court elected to disregard and to not accept plaintiff’s testimony. We find no error. See Succession of Dotson et ux., 202 La. 77, 11 So.2d 488 (1942).
At appellant’s cost, judgment is
AFFIRMED.