CRAIN, Judge.
This is an appeal of the trial court’s denial of a motion to traverse the detailed descriptive list of the Succession of Riley C. Lemoine (Mr. Lemoine) and of a motion to reopen the Succession of Madeline Joyce Watts LaCour Lemoine (Mrs. Lemoine), for the purpose of reclassifying a piece of property as community property of Mr. and Mrs. Lemoine rather than Mr. Lemoine’s separate property.
Mrs. Lemoine died in 1980, and Mr. Lem-oine died on February 22, 1981. Each had children of prior marriages. When Mr. Lemoine’s succession was opened a claim was filed therein by Mrs. Lemoine’s heirs. The claim concerned ownership and inheritance rights to the family home of Mr. and Mrs. Lemoine on Plank Road in Baton Rouge, Louisiana. The issue was whether the property was the community property of Mr. and Mrs. Lemoine, or the separate property of Mr. Lemoine. The property in question was purchased on September 11, 1974, by Mr. Lemoine. Mrs. Lemoine was not a party thereto, although Mr. Lemoine stated that he was married to and living with her. The dispute arises due to the uncertainty of the date of the marriage of Mr. and Mrs. Lemoine.
The record reflects that Mr. and Mrs. Lemoine, then neighbors, took a trip together to Arkansas in June of 1973. Before leaving they announced their intention of getting married while on their trip. Upon their return, they both wore bands on their ring fingers, announced that they had been married, and began living together as husband and wife. However, subsequent to Mrs. Lemoine’s death in 1980, it was alleged for the first time by Mr. Lemoine that they had not in fact been married until January, 1975. This 1975 marriage date first came to be known when one of Mrs. Lemoine’s heirs was questioning the succession attorney, Mr. Guy Módica, about the exclusion of the Plank Road property in Mrs. Lemoine’s succession. Mr. Módica informed the heirs of Mrs. Lemoine of the 1975 marriage and that, since the Plank Road property was purchased prior thereto, it was Mr. Lem-oine’s separate property. In support of this contention Mr. Lemoine provided an Arkansas marriage license dated January, 1975. He indicated they had wanted to conceal the 1975 marriage date from the children. Mrs. Lemoine’s heirs signed the sworn descriptive list without listing the Plank Road property, and only raised the issue again after the death of Mr. Lemoine in 1981. Mrs. Lemoine’s heirs filed their claim in the Succession of Riley C. Lemoine, and subse *1073 quently filed the motions which- are the subject of this appeal.
The errors alleged by Mrs. Lemoine’s heirs, the appellants, center around the trial court’s finding that Mr. and Mrs. Lemoine were not married until January, 1975, as evidenced by the marriage license.
Appellants allege that Mr. and Mrs. Lemoine were married in June, 1973. They assert the presumption that the Lemoine’s union was legitimate and lawful as of the time they began living together. Succession of Rossi, 214 So.2d 223 (La.App. 4th Cir., 1968), writ refused, 253 La. 66, 216 So.2d 309, (La.1968). However, a marriage license is the best evidence of a marriage, and the courts look to other evidence only in the absence of the license. Allen v. Anderson, 55 So.2d 596 (La.App.Orl.1951), amended 57 So.2d 50, (La.App.Orl.1952); Succession of McEntyre, 390 So.2d 923 (La. App. 2d Cir.1980). In this case there is a marriage license, dated 1975. The record reflects testimony to the effect that Mr. Lemoine ordered this license when he lost the first one, but common sense dictates that the Arkansas officials would send a duplicate of the original license which would be dated June 6, 1973, when the Lemoines were first allegedly married, not January of 1975. The trial court was correct in relying on the marriage license over the testimony concerning the earlier date of the marriage.
Since the trial court correctly determined the marriage to have been in 1975, the Plank Road property purchased prior to then was Mr. Lemoine’s separate property. Mrs. Lemoine’s heirs have no claim thereto. Also, since the trial court found no marriage in 1973, either valid or null, there is no merit in the claim of a putative marriage.
For the reasons assigned hereinabove, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by appellants.
AFFIRMED.