43 So.2d 794

**ANGELETTE v. HARDIE.**

No. 37335.

Dec. 9, 1949.

Rehearing Denied Jan. 9, 1950.

Andrew H. Thalheim, Gretna, for plaintiff and appellant.

Louis H. Gosserand (deceased), New Orleans, for appellee.

FRUGE, Justice.

In this suit plaintiff has joined a claim for $1,000 sounding in tort, with an action to annul an act of sale by which his maternal grandmother conveyed a certain piece of real property to the defendant for the recited sum of $1,000. The plaintiff sets up three alternative grounds for annulling the sale; first, that the sale was made as a result of duress and undue influence and without consideration; second, that if there was consideration given as recited in the act that the same was a subterfuge and was returned to the purchaser; and third, that there was lesion beyond moiety as the property was actually worth more than $2,500. The case comes before us on plaintiff's appeal from a judgment of the district court directing him to elect upon which of the alternate grounds he would rely in his suit for the nullity of the sale.

We considered this case once before on appellee's motion to dismiss, which we denied. Angelette v. Hardie, 204 La. 972, 16

So.2d 537. At that time it was not suggested, and we overlooked the fact, that this is an appeal from an interlocutory judgment (as distinguished from a final judgment in Articles 538 and 539 of the Code of Practice) and that appellant has failed to show that the judgment will cause him irreparable injury as required by Article 566 of the Code of Practice.

"538. Interlocutory judgments do not decide on the merits; they are pronounced on preliminary matters, in the course of the proceedings."

"539. Definitive or final judgments are such as decide all the points in controversy, between the parties. Definitive judgments are such as have the force of res judicata."

"566. One may likewise appeal from all interlocutory judgments, when such judgment may cause him an irreparable injury."

That being the case, the appeal is not properly before this court and we are constrained to dismiss it on our own motion. See Reeves et al. v. Barbe, 200 La. 1073, 9 So.2d 426, where the same question was presented and the court dismissed the appeal ex proprio motu despite the fact that the appellant and appellee filed a joint brief contending that the appeal should not be dismissed. Cited with approval in State ex rel. Land v. Martin et al., 207 La. 410, 21 So.2d 481, and Carmody v. Land et al., 207 La. 625, 21 So.2d 764.

The appeal is dismissed at appellant's cost.