HAMITER, Justice.
 

 This litigation arose out of the construction of a multi-story apartment building at
 
 *946
 
 the corner of St. Charles and Jackson Avenues in New Orleans. The plaintiff, a ■corporation organized under the name of People of the Living God, owns property .adjacent to the building site.
 

 In the suit plaintiff seeks damages to improvements located on its property, they allegedly resulting from piledriving operations, subsidence, etc., occurring during the construction work. The damage demand is against the owner of the building site (Chantilly Corporation) and the contractor-builder (Kesk, Inc.). Coupled with that demand is a prayer for an injunction requiring defendants to relocate an air •conditioning tower (the operation of which is alleged to constitute a continuing nuisance to the adjoining property) and to remove an underground, untreated, wooden retaining wall (which allegedly interferes with plaintiff’s servitude for a party wall and is a termite hazard).
 

 Defendants filed exceptions of lis pendens and improper cumulation of actions, they asserting in the latter that the petition improperly cumulated a demand for injunctions and a claim for damages, all of which allegedly arose from separate causes of action.
 

 The district court sustained the exception ■of improper cumulation of actions; and it ordered plaintiff to elect, and to amend its petition accordingly, in fifteen days. Within the time allowed plaintiff amended its petition, but the sole effect of the amendment was to delete the demand for an injunction against the owner to abate the operation of the air conditioning tower. The other injunctive and the damage demands remained. Whereupon defendants moved to dismiss the suit for plaintiff’s failure to elect. The motion was sustained and the suit dismissed “without prejudice”. From the judgment of dismissal plaintiff appealed.
 

 In the Court of Appeal plaintiff argued that the dismissal of the suit was improper because the order to elect was ambiguous, and therefore misunderstood by it; and that, consequently, the court should have allowed additional time to amend further rather than to dismiss the suit. It argued, alternatively, that the interlocutory judgment sustaining the exception of improper cumulation and ordering plaintiff to elect was erroneous because, under the circumstances, the joinder of the actions was permissible and proper.
 

 The Court of Appeal held that the order was not ambiguous; that even if it were, plaintiff’s remedy was to have asked for a clarification, rather than to fail to obey; and that, therefore, the district court was acting within the scope of its authority (as set forth in Article 933 of the Code of Civil Procedure) when it dismissed the suit without prejudice following plaintiff’s failure to amend in accordance with its order. However, the appellate court refused to pass on the question of the validity of the
 
 *948
 
 exception of improper cumulation and of the correctness of the interlocutory judgment which sustained it, thereby ordering plaintiff to elect. Accordingly, it affirmed the judgment of the district court. 197 So. 2d 748.
 

 We granted certiorari at the instance of plaintiff, but limited our consideration to the question of whether or not the Court of Appeal was correct in holding that the interlocutory judgment (which sustained the exception of improper cumulation) was not reviewable on an appeal taken from the subsequent judgment which dismissed the suit without prejudice following plaintiff’s failure to elect. 250 La. 982, 200 So.2d 666.
 

 The general rule undoubtedly is, as stated from time to time by this court, that an interlocutory judgment which does not cause irreparable injury is not appeal-able. (See also Article 2083 of the Code of Civil Procedure.) But this does not mean that such judgments are never subject to appellate review. It merely means that they are not independently and immediately appealable, and that appellate review thereof must await rendition of an appealable judgment in the cause. There are innumerable sorts of interlocutory judgments which, as such, are not independently appealable— i. e., overruling of pleas of prescription, of non-joinder of parties, of lis pendens, of exceptions of no cause and no right of action, etc. Nevertheless, when a judgment is rendered in the case which is appealable, the reviewing court can then. consider the correctness of the prior interlocutory judgment.
 

 Thus, in Templet v. Babbitt et al., 196 La. 303, 199 So. 127 plaintiff was ordered' to elect as between two allegedly inconsistent causes of action. Reserving her rights she made such an election, after which the court maintained an exception of' no cause of action to the selected demand. On a motion to dismiss the appeal for want of the jurisdictional amount we held that
 
 plaintiff’s appeal from dismissal of her suit brought up for review the correctness of the-court’s ruling forbidding plaintiff to proceed on both demands;
 
 and that since the amount involved in the demand which had been deleted was sufficient to give this court jurisdiction the motion to dismiss was not well founded. See also Succession of Williams, 153 La. 206, 95 So.2d 607, Blanchard et al. v. Norman-Breaux Lumber Company, Inc., 216 La. 551, 44 So.2d 112, Stockstill et al. v. Cotten et al., 230 La. 205, 88 So.2d 27 and Breaux v. Laird et al., 230 La. 221, 88 So.2d 33.
 

 In support of its holding the Court of Appeal herein relied principally on the case of Neal v. Hall, La.App., 28 So.2d 131 (Second Circuit). But a careful reading of the opinion therein shows that the court in this cause misinterpreted it. In the Neal case the court did not hold that in
 
 all
 
 litigation an interlocutory judgment could not be reviewed on an appeal from a sub
 
 *950
 
 ¡sequent appealable judgment. It merely held that
 
 in that case
 
 the interlocutory judgment was not reviewable on a subsequent appeal
 
 because the appellant had failed to take the required procedural step at the .trial level to preserve his right to appellate review at a later time.
 
 (Such procedural step — a reservation of a formal exception to the court’s ruling — is no longer required. See Article 1635 of Code of Civil Pro•cedure.)
 

 Also cited by the appellate court herein were LaFleur v. Dupuis, La.App., 147 So.2d 724 and Bogan v. Byrom, La.App., 151 So.2d 718, in both of which the Court of Appeal for the Third Circuit misinterpreted ■and misapplied Neal v. Hall, supra, in the same fashion as was done in the instant •case. However, in a later decision that court (Third Circuit, Court of Appeal) recognized the incorrectness of its ruling in LaFleur v. Dupuis, supra, and specifically overruled the latter. (The decision likewise •overruled by implication Bogan v. Byrom which had followed the LaFleur case.) See Washington et ux. v. Flenniken Construction Company et al., La.App., 188 So.2d 486.
 

 In the Washington case an exception of vagueness had been sustained, and the plaintiff’s suit was dismissed when he failed to amend in accordance with an order to do so. On an appeal from such dismissal the court, in overruling the LaFleur decision and holding that the correctness of the order to amend was reviewable on the appeal, observed: “ * * * the correctness or not of a trial court’s judgment sustaining an exception of vagueness has consistently been reviewed upon appeal throughout our jurisprudence, except in those few decisions in the line of cases cited immediately above” (the same cases as cited by the court in the instant case).
 

 In brief and oral argument to this court the defendants make no contention in support of the reasoning of the Court of Appeal. Rather, they now argue, apparently for the first time, that the judgment dismissing the suit without prejudice is itself an interlocutory judgment and, therefore, not appealable.
 

 True, the judgment of dismissal herein is not final in the sense that it disposes of the merits of the controversy. But it is final and determinative of the issue of whether or not plaintiff may cumulate its two demands in one suit. This is so because, if plaintiff is required to pursue its demands in two separate actions, when judgments are finally rendered on the merits in those cases the question of whether it should have been permitted to try them together in one suit (as it insists it is entitled to do) will then be moot.
 

 We view the dismissal of a suit without prejudice as one akin to, and as having the same effect as (for the purposes of this discussion), a judgment of nonsuit provided for under the old Code of Practice
 
 *952
 
 • — it neither decides the merits, it does not prevent the bringing of the same cause of action in a new suit, and it cannot be pleaded as res judicata. Indeed, in a supplemental brief, the defendants themselves assert that “The judgment of non-suit was quite similar to the present dismissal without prejudice.” And this court has squarely-held on a number of occasions that a judgment of nonsuit is a final judgment from which an appeal will lie, this within the contemplation of Article 565 of the Code of Practice (now Article 2083 of the Code of Civil Procedure). Gladney v. Webre, 230 La. 175, 88 Co.2d 17 and Baldwin et al. v. Arkansas-Louisiana Pipe Line Company, 185 La. 1051, 171 So. 442 and the cases cited therein.
 

 In its supplemental brief to this court the defendants cite two cases as supporting their contention that the judgment dismissing the suit without prejudice is interlocutory and not appealable. They are Angelette v. Hardie, 216 La. 461, 43 So.2d 794 and City of New Orleans v. New Orleans Canal, Inc., La.App., 173 So.2d 43.
 

 The former is not pertinent. Therein plaintiff had taken an appeal (not from the final judgment dismissing his suit) from the judgment sustaining the exception of improper cumulation and ordering plaintiff to amend. The court properly held that the judgment was interlocutory and not appeal-able.
 

 The City of New Orleans case, we think, tends to refute defendant’s argument. Therein, after the defendant had made an appearance plaintiff moved for a dismissal of his suit without prejudice. It was opposed by defendant. The court overruled, defendant’s objection and dismissed the suit, without prejudice. The defendant appealed. On the appeal plaintiff urged that the-judgment was interlocutory and not appeal-able. However, the court held that the defendant
 
 was
 
 entitled to appeal. It considered the correctness of the trial judge’s, action in dismissing the suit without prejudice; it concluded that he had not abused', his discretion; and it
 
 affirmed the judgment.
 
 The court did not dismiss the appeal.
 

 We are of the opinion, therefore, that the-Court of Appeal should have considered the question of the validity of the exception of improper cumulation of actions and of the correctness of the court’s ruling thereon. Hence, as is our custom in causes of this nature, we shall remand the case to-that court so that it may pass on the issue-raised by such pleading and on the correctness of the interlocutory judgment.
 

 For the reasons assigned the judgment is reversed and set aside and the case is. remanded to the Court of Appeal for further proceedings consistent with the views: herein expressed. Costs incurred here are assessed to defendants. All other costs are-to await the final determination of the-cause.
 

 McCALEB, J., recused.