ELLIS, Judge:
This is a suit on two promissory notes, brought by Linda Trahan Whipple against Keith M. Whipple. Mr. Whipple then filed a reconventional demand against plaintiff. Plaintiff filed a dilatory exception of vagueness to the reconventional demand, which was maintained, and defendant was ordered to amend his reconventional demand on or before January 9, 1981, or have the demand dismissed. No amendment was filed by Mr. Whipple, and, on January 21, 1981, plaintiff moved for and obtained an ex parte order dismissing the reconventional demand without prejudice. From the judgment of dismissal, defendant has appealed.
Plaintiff has moved to dismiss the appeal on the ground that the judgment appealed from is interlocutory in nature and does not cause irreparable injury. Plaintiff relies on Simmons v. Dixon, 306 So.2d 67 (La.App. 1st Cir. 1974), which held that an ex parte judgment dismissing a suit without prejudice for failure to prosecute for five years was interlocutory and non-appealable.
We find, however, that this case is controlled by People of Living God v. Chantilly Corporation, 251 La. 943, 207 So.2d 752 (1968), in which the Supreme Court held, in a case similar to this case, that a judgment of dismissal without prejudice is an appeal-able judgment.
The motion to dismiss is therefore denied, at plaintiff’s cost.
MOTION DENIED.