2016-0528 (La.App. 4 Cir. 12/7/16)
**Nathaniel JOSEPH and Kecia Joseph**

v.

**Gerald D. WASSERMAN**
**NO. 2016–CA–0528**

Court of Appeal of Louisiana,
Fourth Circuit.

DECEMBER 7, 2016

Nathaniel Joseph, Kecia Joseph (Esteen), Frank S. Mitchell, Lucinda Mitchell, 2312 St. Bernard Ave., New Orleans, LA 70119, PLAINTIFFS/APPELLANTS/IN PROPER PERSON

Melissa M. Lessell, Beverly A. De-Laune, William E. Wright, Jr., DEUTSCH KERRIGAN, L.L.P., 755 Magazine Street, New Orleans, LA 70130, COUNSEL FOR DEFENDANT/APPELLEE

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Joy Cossich Lobrano)

Daniel L. Dysart, Judge

This matter involves four persons and one business entity, all filing *pro se* pleadings below and in this Court, in an action against Gerald D. Wasserman, an attorney who handled numerous business and property dealings on behalf of the *pro se* litigants. Against this backdrop, we will discuss the procedural posture of this appeal.

Nathaniel Joseph and Kecia Joseph filed a Petition for Damages with Exhibits on December 29, 2004. The petitioners explained that in 2002 they had invested monies in a home in Lafitte, Louisiana, rental property in Jefferson Parish ("Glasgow property"), and in several retail food trailers. After experiencing financial difficulties, sometime in early 2003, petitioners entered into business dealings with Mr. Wasserman whereby he would either loan them money or purchase a loan that petitioners had entered into with a local bank.

Petitioners alleged that Mr. Wasserman purchased their home and leased it back to them, and that Mr. Wasserman allowed third parties to obtain mortgages on their property without their knowledge. All of the business transactions, including mortgages, HUD statements, and acts of sale were allegedly prepared by Mr. Wasserman or members of his law firm.

Being aggrieved by Mr. Wasserman's actions, petitioners requested documentation for all of the transactions that had taken place concerning their property. The petition detailed the actions which petitioners claim wrongly denied them either their property or the proceeds from the sale of their property. They attached all of the documentation prepared by Mr. Wasserman or members of his law firm in support of the allegations contained in the petition.

On January 7, 2005, Lucinda Mitchell, Frank Mitchell, and Mitchell Fruit Stand, Inc., filed a Petition of Intervention, adopting all of the allegations made by the Josephs in the original petition. They further alleged that they were parties to the loan deal with Mr. Wasserman, and that Mr. Wasserman committed acts of fraud by demanding they enter into the loan agreements with Nathaniel and Kecia Joseph, and threatening that he would not help the Josephs retain their property. Additionally, intervenors alleged that Mr. Wasserman engaged in misrepresentations, fraudulent transactions, overcharges, intentional conversion of intervenors' funds, acts of collusion with third parties to deprive intervenors of their property, and manipulation of financial documents, specifically HUD statements, to reflect that intervenors had received monies they did not receive. An Act of Pledge and Security Agreement that was attached to

the Petition of Intervention indicates that Mitchell Fruit Stand, Inc., was pledged to Mr. Wasserman as collateral for payment of the lease of the property in Lafitte. Lucinda Mitchell signed the pledge as president of Mitchell Fruit Stand, Inc. Copies of additional pledges of property, acts of sale, and assumption of mortgages were attached to the Petition of Intervention, all of which were prepared by Mr. Wasserman or members of his law firm.

On February 16, 2005, the Josephs filed a First Amended or Supplemental Complaint (petition), adding an additional defendant.[1] They also alleged further acts of fraud and deception by Mr. Wasserman involving the property in Lafitte and the Glasgow property. Attached to the petition were numerous documents, including assignments of deposit accounts, promissory notes, acts of mortgage and notes, credit sales and assumption of mortgage, all prepared by Mr. Wasserman or a member of his law firm.

On February 18, 2005, Mr. Wasserman filed an Exception of Vagueness. On March 1, 2005, Mr. Wasserman filed a First Amended Exception of Vagueness excepting to the Petition of Intervention filed by the Mitchells and Mitchell's Fruit Stand, Inc. The Josephs filed an opposition. Various other motions for leave and memoranda in support were filed by both sides prior to a hearing. The Josephs filed an amended opposition to the exception **and/or a motion for leave to file a second amended or supplemental petition on June 16, 2005.** The judgment which was signed on June 28, 2005, and which indicates that the hearing was on June 17, maintained Mr. Wasserman's exception as to the Petition and First Amended Petition of the Josephs (no mention is made of the Mitchells, Mitchell's Fruit Stand or the Petition of Intervention filed by them). The trial court gave the Josephs fifteen days to file an amended petition to "cure the deficiencies" or face dismissal of their lawsuit.

Following the hearing, the Josephs hired an attorney to assist them in this matter. On July 5, 2005, the attorney filed a motion to withdraw from the case that indicates he met with the Josephs on July 3 and 4, but that the parties could not agree on how to proceed.[2]

On August 19, 2005, the Josephs and Mitchells filed a motion to file a second amended complaint. Hurricane Katrina struck the New Orleans area on August 29, 2005. On November 4, 2005, Mr. Wasserman filed a motion to dismiss based on plaintiffs' failure to amend timely. An order was signed February 3, 2006, setting a hearing for April 21, 2006. The order attached to the Josephs' and Mitchells' motion to file a second amended complaint was not signed until February 8, 2006, setting the hearing for April 21, 2006, also.

On May 5, 2006, the trial court signed a judgment denying plaintiffs' motion to file a second amended petition, granting Mr. Wasserman's motion to dismiss, and dismissing all claims filed against Mr. Wasserman by all parties.[3]

---

1. The additional named defendant was dismissed from the suit on an exception of no cause and/or no right of action. He is not a party to this appeal.

2. The motion states that the amendment was due on July 5, 2005. However, we note that the judgment was not signed until June 28, thereby making the amendment due on July 13, 2005.

3. Plaintiffs' timely appealed that judgment, but for unknown reasons, the motion for appeal was not signed. In March 2007, petitioners resubmitted the motion for appeal. The new judge for that section determined *sua sponte* that the appeal was abandoned. This Court vacated that judgment in *Joseph v. Wasserman*, 15–1193 (La.App. 4 Cir. 5/4/16), 194 So.3d 720), and remanded for further proceedings.

## DISCUSSION:

Plaintiffs appeal the dismissal of their lawsuit based on their failure to adhere to an order of the trial court to amend their petition within fifteen days of the court's order. However, as we find the trial court erred in its initial interlocutory judgment maintaining Mr. Wasserman's exception of vagueness, we will address the correctness of that ruling.

■ Generally, an interlocutory judgment which does not cause irreparable harm is not appealable. *People of the Living God v. Chantilly Corp.*, 251 La. 943, 947, 207 So.2d 752, 753 (1968). The Louisiana Supreme Court further explained: "[w]hen a judgment is rendered in the case which is appealable, the reviewing court can then consider the correctness of the prior interlocutory judgment." *Id.*, 251 La. at 947–48, 207 So.2d at 753.

Louisiana Code of Civil Procedure art. 891 requires that a petition "contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation[.]" "No technical forms of pleading are required." La. Code Civ. Proc. art. 854.

■ The purpose of the dilatory exception of vagueness, as provided for in La. Code Civ. Proc. art. 926, is to allow a defendant to be placed on notice of the cause of action and prevent its future relitigation after a judgment is obtained. *Smart v. Gold, Weems, Bruser, Sues and Rundell*, 06–1414, p. 5 (La.App. 3 Cir. 4/4/07), 955 So.2d 263, 267. However, the exception does not permit the defendant to demand exactitude and detail beyond what is necessary for the above purposes. *Id.* An exception of vagueness will be denied if the petition fairly informs the defendant of the nature of the cause of action and includes sufficient particulars for the defendant to prepare a defense. *Id.*

In *Smart*, plaintiffs, who had filed a "Class Action Petition" on their behalf and of others similarly situated, made broad allegations of over-billing or billing for services not performed. Dismissing plaintiffs' argument that the required information was in the possession of the firm, the trial court found that the petition was lacking material facts which the defendants would need to formulate a defense. *Id.*, 06–1414, p. 6, 955 So.2d at 267.

■ We find the facts of this case easily distinguishable. Here, the *pro se* plaintiffs alleged, with some detail and particularity, that Mr. Wasserman had wrongfully acquired most, if not all, of their property, and instead of helping them recover from their financial difficulties, had created new debts which plaintiffs could not possibly repay. Plaintiffs alleged that they had to make additional loans to pay debts to Mr. Wasserman to prevent losing their home, rental property and livelihood (the food trailers). Further, they alleged that despite documents indicating that plaintiffs were due monies from some of the sales and leases, they had in fact received nothing.

Here, the plaintiffs attached all of the documents which they were able to garner from Mr. Wasserman, all detailing the various business transactions which transpired between the parties and third parties. Every document was prepared by Mr. Wasserman or his law firm.

Accordingly, we find the trial court erred in maintaining Mr. Wasserman's exceptions of vagueness. Our review indicates that the documents filed by the Josephs and Mitchells are sufficient for Mr. Wasserman to prepare a defense to the allegations contained in the petitions. We therefore reverse the judgment of the trial

court and remand this matter for further proceedings.[4]

**REVERSED.**

2016-0642 (La.App. 4 Cir. 12/7/16)

---

**4.** As we are reversing based on the Exception of Vagueness, we do not reach the merits of the Motion to Dismiss. We note, however, as detailed in the chronology of events, the plaintiffs had in fact filed a motion to file a second amended petition on June 16, 2005, the day before the hearing at which the trial court granted the exceptions and ordered plaintiffs to file a second amended petition.