NATHANIEL JOSEPH AND     *     NO. 2021-CA-0138
KECIA JOSEPH

    *

VERSUS     COURT OF APPEAL

    *

GERALD D. WASSERMAN     FOURTH CIRCUIT

    *

    STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2004-18239, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Terri F. Love, Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins)

Nathaniel Joseph
Frank S. Mitchell
Kecia Joseph Esteen
Lucinda Mitchell
Nathaniel Joseph, III
Nicholas Joseph
Nathan Joseph
311 Portsmouth Drive
Slidell, LA 70460

       PRO SE PLAINTIFFS/APPELLANTS

Beverly A. DeLaune
Melissa M. Lessell
DEUTSCH KERRIGAN, L.L.P.
755 Magazine Street
New Orleans, LA 70130

       COUNSEL FOR DEFENDANT/APPELLEE

                        **APPEAL DISMISSED
                        DECEMBER 17, 2021**

SCJ
TFL
DLD

This appeal arises from a legal malpractice case. Plaintiffs-appellants, Nathanial Joseph, Kecia Esteen, Frank Mitchell, Lucinda Mitchell, Nathaniel Joseph, III, Nicholas Joseph, and Nathan Joseph (collectively the "Josephs") appeal the trial court's December 10, 2020 judgments denying their petition for sequestration and denying their bifurcated motion to intervene and amend and supplement the petition.[1] For the foregoing reasons, we dismiss the appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

This matter has been before this Court on four prior occasions. To explain the extensive history behind this litigation, we adopt the facts outlined in *Joseph v. Wasserman*, 2017-0603, pp. 1-3 (La. App. 4 Cir. 1/10/18), 237 So.3d 14, 16-17 as follows:

> In December 2004, the Josephs commenced the Malpractice Case. In May 2006, the trial court rendered a judgment dismissing the Malpractice Case with prejudice; the reason for the dismissal is not relevant here. Although the Josephs timely appealed the May 2006 judgment by filing a motion for appeal (the "Motion for Appeal"), the Motion for Appeal was not signed until a decade later, in 2016.

---

[1] Nathaniel Joseph, III, Nathan Joseph, and Nicolas Joseph are not parties to this litigation, although they signed as movers of the petition for sequestration and the bifurcated motion to intervene and amend and supplement the petition.

1

Meanwhile, in July 2013, the Josephs filed a Chapter 7, Voluntary Bankruptcy Petition, in the United States Bankruptcy Court for the Eastern District of Louisiana (the "Bankruptcy Case"). In the Bankruptcy Case, the Josephs failed to disclose the Malpractice Case as a potential asset of the bankruptcy estate.

In 2015, the Josephs filed in the Malpractice Case a motion seeking to have the Motion for Appeal signed by the trial court; instead, the trial court, *sua sponte*, declared their appeal from the May 2006 judgment of dismissal abandoned. This court vacated the trial court's judgment and remanded for further proceedings. *Joseph v. Wasserman*, 15-1193 (La. App. 4 Cir. 5/4/16), 194 So.3d 720 ("*Joseph I*"). In so doing, this court instructed the trial court "to sign the timely-filed order of appeal so that the appellate processes may commence." *Joseph I*, 15–1193, at p. 2, 194 So.3d at 722. When this matter came before this court a second time, this court reversed the trial court's May 2006 judgment of dismissal and remanded for further proceedings. *Joseph v. Wasserman*, 16-0528 (La. App. 4 Cir. 12/7/16), 206 So.3d 970 ("*Joseph II*").

In January 2017, Mr. Wasserman filed a partial exception of no right of action and a motion for partial summary judgment. The gist of his argument was that the Josephs lost their right to pursue the Malpractice Case as a result of their failure to disclose the Malpractice Case in their bankruptcy proceeding. According to Mr. Wasserman, the trustee of the Bankruptcy Case (the "Trustee") became the only proper party to pursue the Malpractice Case.

Following a hearing, the trial court rendered the May 2017 Judgment, conditionally granting Mr. Wasserman's exception of no right of action, ordering that notice be issued to the Trustee in the form attached to the judgment, and staying the Josephs' claims pending the Trustee's intervention. The trial court expressly deferred ruling on Mr. Wasserman's motion for partial summary judgment as moot.

*Id.*

The Josephs appealed the May 3, 2017 judgment. This Court dismissed the appeal and answer to appeal, and remanded for further proceedings. *Joseph*, 2017-0603, p. 10, 237 So.3d at 21.

On December 2, 2020, the Josephs filed a petition for writ of sequestration, seeking for certain properties to be seized without bond. On the same date, they filed a bifurcated motion to intervene and amend and supplement the petition. On

December 10, 2020, the trial court denied the petition for writ of sequestration and the bifurcated motion to intervene and amend and supplement the petition.

On December 29, 2020, the Josephs filed their notice of intent, seeking review of the trial court's denial of their petition for writ of sequestration and denial of their motion to intervene and amend the petition. The trial court assigned January 19, 2021 as the return date. The writ was filed with this Court on January 22, 2021. On February 3, 2021, this Court declined to exercise supervisory jurisdiction. *Joseph v. Wasserman*, unpub., 2021-0033 (La. App. 4 Cir. 2/3/21).

On February 4, 2021, the Josephs filed a notice of appeal on the same December 10, 2020 judgments. This appeal follows.

**DISCUSSION**

*Jurisdictional Issue*

Appellate courts have a duty to determine *sua sponte*, whether the court has proper jurisdiction to consider the merits of an appeal filed in the court. *Schwarzenberger v. Louisiana State Univ. Health Sciences Ctr.-New Orleans*, 2018-0812, p. 2 (La. App. 4 Cir. 1/9/19), 263 So.3d 449, 451-52. An appellate court's jurisdiction must be invoked by a final judgment. *Embrace Home Loans, Inc. v. Burl*, 2018-0321, p. 3 (La. App. 4 Cir. 9/19/18), 318 So.3d 86, 88 (citing *Bd. of Supervisors of Louisiana State Univ. v. Mid City Holdings, L.L.C.*, 2014-0506, p. 2 (La. App. 4 Cir. 10/15/14), 151 So.3d 908, 910). A valid final judgment is one that determines the merits in whole or in part and is identified as such by appropriate language. *See* La. C.C.P. arts. 1841 and 1918. "Final judgments, even in some cases partial final judgments, are appealable." *Thrasher Const., Inc. v. Gibbs Residential, L.L.C.*, 2015-0607, p. 5 (La. App. 4 Cir. 6/29/16), 197 So.3d

3

283, 288 (quoting *Francois v. Gibeault,* 2010–0180, p. 1 (La. App. 4 Cir. 8/25/10), 47 So.3d 998, 1000).

Applying the foregoing principles, we find that the judgments denying a petition for writ of sequestration, and motion to intervene and amend petition do not fulfill the requirements for a valid appealable judgment. First, the judgments do not determine the merits in whole or in part of the case. Further, the judgments are not interlocutory judgments expressly appealable by law. *See* La. C.C.P. art. 2083. The proper procedural vehicle to seek review of an interlocutory, non-appealable judgment is an application for supervisory writ. *Thrasher Const., Inc.*, 2015-0607, p. 6, 197 So.3d at 288. Accordingly, we dismiss the Josephs' appeal for lack of appellate jurisdiction.

*Conversion of Appeal to Writ Application*

"A court of appeal has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time, according to the discretion of the court." *Dupuy Storage & Forwarding, LLC v. Max Speciality Ins. Co.*, 2016-0050, p. 9 (La. App. 4 Cir. 10/5/16), 203 So.3d 337, 344 (quoting *Favrot v. Favrot*, 2010-0986, p. 5 (La. App. 4 Cir. 2/9/11), 68 So.3d 1099, 1104). Therefore, we have discretion to consider these interlocutory judgments under our supervisory authority. "Because the proper procedural vehicle for seeking review of an interlocutory judgment is ordinarily by application for supervisory review, we can—when appropriate—convert the improper appeal to such an application." *Id.* (quoting *Succession of Scheuermann*, 2015-0041, p. 13 (La. App. 4 Cir. 5/22/15), 171 So.3d 975, 983).

4

The Josephs sought supervisory review of the December 10, 2020 judgments, and this Court denied the writ. Therefore, we decline to convert the appeal and exercise our supervisory jurisdiction.

**CONCLUSION**

For the foregoing reasons, this Court lacks appellate jurisdiction and declines to exercise supervisory jurisdiction. Accordingly, the appeal is dismissed.

**APPEAL DISMISSED**