KAREN COHEN KINNETT

VERSUS

JARRED BRANDON KINNETT

NO. 17-CA-625

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 768-195, DIVISION "E"
HONORABLE WILLIAM H. CREDO, JUDGE  PRO TEMPORE PRESIDING

July 07, 2022

**FREDERICKA HOMBERG WICKER
JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson

**<u>JUDGMENT ON MOTION IN LIMINE REVERSED; JUDGMENT ON
CONSTITUTIONALITY VACATED; REMANDED FOR NEW TRIAL</u>**
    **FHW**
    **JGG**
    **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Susan S. Buchholz
First Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
KAREN COHEN KINNETT
      Allison K. Nestor
      Leonard L. Levenson

COUNSEL FOR DEFENDANT/APPELLEE,
JARRED BRANDON KINNETT
      Jacqueline F. Maloney
      Tracy G. Sheppard

COUNSEL FOR INTERVENOR/APPELLANT,
KEITH EDWARD ANDREWS
      Thomas A. Robichaux
      Stephanie A. Fratello
      Sharon L. Andrews
      Desiree M. Valenti

COUNSEL FOR MINOR/APPELLEE,
G. J. K., MINOR CHILD
      Ramona G. Fernandez
      and Tobie L. Tranchina, Supervising Attorneys
      Loyola University New Orleans, College of Law
      Victoria Barczyk, Student Practitioner
      Sarah Skidmore, Student Practitioner
      Olivia Holm, Student Practitioner
      Cynthia Traina, Student Practitioner

COUNSEL FOR AMICUS CURIAE,
STATE OF LOUISIANA, DEPARTMENT OF JUSTICE
      Honorable Jeffrey M. Landry
      David J. Smith, Jr.
      Jeffrey M. Wale
      Chimene St. Amant

**WICKER, J.**

This matter is before this Court on remand from the Louisiana Supreme Court to consider biological father appellant, Keith Andrews', challenge to the constitutionality of La. C.C. art. 198, an issue which this Court did not consider on appeal. *Kinnett v. Kinnett*, 20-01134 (La. 10/10/21), 332 So.3d 1149, 1157.

Upon review of the rulings appealed in connection with Mr. Andrews' challenge to the constitutionality of La. C.C. art. 198, we find that the trial court abused its discretion in granting a pre-trial motion *in limine* and in excluding "any fact witness" from the trial on Mr. Andrews' first supplemental petition challenging the constitutionality of La. C.C. art. 198. We find that the trial court's ruling impeded the discovery process and prevented Mr. Andrews from properly challenging the statute's constitutionality at trial. We therefore reverse the trial court's October 23, 2018 judgment granting the motion *in limine*, which affected the presentation of evidence, or lack thereof, permitted at trial, vacate the subsequent January 10, 2019 judgment holding La. C.C. art. 198 constitutional, and remand this matter to the trial court to allow the parties to conduct proper discovery and order the trial court to hold a new trial on Mr. Andrews' supplemental petition, with factual and/or expert testimony and evidence, raising the issue of La. C.C. art. 198's constitutionality.

**Procedural History:**

The preliminary procedural history is set forth in this Court's opinion in the first appeal in this case:

> Ms. Kinnett commenced the instant litigation by filing for divorce on January 14, 2017. She sought joint custody with Mr. Kinnett of their daughter, B.A.K., but sole custody of her son, G.J.K. On January 27, 2017, Mr. Kinnett filed his Answer and Reconventional Demand disputing Ms. Kinnett's contention that awarding her sole custody of G.J.K. would be in the child's best interest, urging instead that joint custody be granted.

On February 10, 2017, Mr. Andrews filed a Petition in Intervention to Establish Paternity and to Obtain Custody of G.J.K. In his petition, Mr. Andrews alleged that Ms. Kinnett had concealed his possible paternity until December 9, 2016, and sought an order establishing paternity and an action to obtain custody.

On February 21, 2017, Mr. Kinnett answered Mr. Andrews' intervention with Exceptions of No Cause and/or No Right of Action, Prescription, and Peremption, arguing that Mr. Andrews' avowal action was perempted under Louisiana Civil Code art. 198 because he failed to file an action within one year of G.J.K.'s birth. On February 24, 2017, the court appointed the Loyola Law Clinic to represent the interests of the minor child. Ms. Kinnett first filed a memorandum opposing the exceptions on April 10, 2017, however, on May 31, 2017, she filed a second memorandum supporting the exceptions. On appeal, Ms. Kinnett adopted the arguments in Mr. Kinnett's appellee briefs.

At the initial April 12, 2017 hearing, the Domestic Commissioner denied the exceptions of no right of action and no cause of action as to paternity, and granted the exception of no cause of action as to custody. He also granted the exception of peremption, finding that Mr. Andrews should have known G.J.K. was his child given that he had "intimate contact" with Ms. Kinnett nine months prior to the child's birth. Mr. Andrews objected to the Commissioner's ruling, contending in pertinent part that the "time limitations in Civil Code article 198 are constitutionally invalid."

The parties tried the exceptions de novo before the district court on June 2, 2017. The district court judge ruled from the bench denying the exceptions of no cause of action and no right of action as to paternity, but granting the exceptions of no cause of action and no right of action as to custody and visitation. The judge further held that Mr. Andrews' avowal action was perempted under Article 198 based on his finding that (a) Mr. Andrews had not proven "that the mother was actually in bad faith and intended to deceive," and (b) he had filed his avowal action more than a year from the time the judge determined he knew or should have known that he was G.J.K.'s father. The trial court declined to rule on the constitutionality of the statute and denied Mr. Andrews' motion for additional time to notify the attorney general and further plead the constitutionality issue. Mr. Andrews appealed the June 2, 2017 judgment to this Court.

On March 23, 2018, this Court stayed this appeal and remanded the case to the trial court to allow Mr. Andrews the opportunity to amend his petition and appropriately challenge the constitutionality of Article 198. *Kinnett v. Kinnett*, 17-CA-625, per curiam, p. 4. On April 6, 2018, Mr. Andrews filed his First Supplemental and Amending Petition, formally challenging Article 198's constitutionality, thereafter notifying the Louisiana Attorney General as required by law. The Law Clinic filed a memorandum in support of Mr. Andrews' Supplemental and Amending Petition on June 4, 2018.

*Kinnett v. Kinnett*, 17-625 (La. App. 5 Cir. 8/6/20), 302 So.3d 157, 165, *writ granted*, 20-01134 (La. 2/9/21), 309 So.3d 735, *reh'g denied*, 20-01134 (La. 1/28/22), and *writ granted*, 20-01143 (La. 2/9/21), 309 So.3d 735, *reh'g denied*, 20-01143 (La. 1/28/22), and *writ granted*, 20-01156 (La. 2/9/21), 309 So.3d 738, *reh'g denied*, 20-01156 (La. 1/28/22), and *rev'd in part*, 20-01134 (La. 10/10/21), 332 So.3d 1149.

On remand, Mr. Andrews filed a first supplemental and amended petition to properly raise a challenge to the constitutionality of La. C.C. art. 198. In the supplemental petition, Mr. Andrews further set forth factual allegations to demonstrate that he had "immediately assumed the role of G.J.K.'s biological father and began taking steps to support…and become involved in G.J.K.'s life." Mr. Andrews set forth the following allegations:

> Upon learning that he is, in fact, the father of the minor child, G.J.K., Petitioner [sic] [actually Intervenor–Mr. Andrews] immediately began to establish a relationship with G.J.K. and sought to see G.J.K. as much as possible. However, this was made extremely difficult by the circumstances then existing between Petitioner [Ms. Kinnett] and Defendant [Mr. Kinnett], as Petitioner waited until mid-January of 2017 to tell Defendant he was not the father of G.J.K. After that, Petitioner and Defendant separated, and began sharing custody of G.J.K. and B.A.K., which limited the times that Intervenor could see G.J.K. through Petitioner. It was further complicated by the fact that Petitioner hid her relationship with Intervenor from Defendant and Defendant's family. Because B.A.K. was older, in the first grade, and could potentially tell Defendant of Intervenor's presence, Intervenor's time with G.J.K. was very limited at first. Subsequently, Petitioner retaliated against Intervenor on multiple occasions because Intervenor was forced to disclose details about their relationship in court filings and testimony. This ultimately culminated in Petitioner cutting off all contact between Intervenor and G.J.K. after the April 15, 2017 hearing in front of Commissioner Bailey, because she did not like the way he testified.

In his supplemental petition, Mr. Andrews further set forth allegations of the circumstances under which he was able to spend time with G.J.K. prior to Ms. Kinnett's cutting-off contact:

> Despite these difficulties, Intervenor was still able to see G.J.K. and interact and bond with him sixteen times between December of 2016 and April of 2017:
>
> 1) December 10, 2016, Intervenor saw G.J.K. for the first time the day after he learned of the results of the sibling paternity test, when

he met Petitioner and G.J.K. at Tracepoint, LLC in Mid-City to conduct the first paternity test.

2) December 20, 2016, Intervenor went to PJ's coffee on Maple St to meet Petitioner and G.J.K., and spent approximately one hour with him there.

3) January 7, 2017, Intervenor went to Audubon Park to meet Petitioner, G.J.K. and B.A.K. there and spent approximately two hours playing with G.J.K. and B.A.K.

4) January 10, 2017, Intervenor went to PJ's coffee on Maple St. to meet Petitioner and G.J.K. and spent approximately one hour with him there.

5) January 12, 2017, Intervenor met Petitioner, G.J.K., B.A.K. and Petitioner's father at Petitioner's sister's house and spent approximately three hours playing with G.J.K. there.

6) January 22, 2017, Intervenor babysat for G.J.K. for approximately four hours while Petitioner took B.A.K. to a movie with friends.

7) January 28, 2017, Intervenor met Petitioner, G.J.K., B.A.K. and Petitioner's father at Petitioner's new apartment for approximately one hour to help clean and to play with the kids.

8) January 30, 2017, Intervenor picked up G.J.K. and drove him to Tracepoint, LLC for the second paternity test, and spent about one and half hours with him that day.

9) February 11, 2017, Intervenor had dinner with Petitioner and G.J.K. at Petitioner's new apartment, played with G.J.K, and helped get him bathed and ready for bed, and spent approximately three and one half hours with him that night.

10) February 12, 2017, Intervenor met Petitioner and G.J.K. for breakfast, and played with G.J.K., and spent approximately three hours with him that day.

11) February 19, 2017, Intervenor spent approximately two and one-half hours at Petitioner's new apartment one evening after dinner, played with G.J.K. and B.A.K. and helped get G.J.K. bathed and ready for bed.

12) February 27, 2017, Intervenor stopped by Petitioner's new apartment and played with G.J.K. for approximately one and one-half hours.

13) March 3, 2017, Intervenor took Petitioner and G.J.K. to the Audubon Aquarium and spent approximately four hours with him that day.

14) March 12, 2017, Intervenor spent approximately five hours in the afternoon and evening with Petitioner, G.J.K. and B.A.K. at Petitioner's new apartment. Intervenor played with the kids, had dinner together, and helped get G.J.K. bathed and ready for bed.

15) March 19, 2017, Intervenor spent approximately five hours in the afternoon and evening with Petitioner, G.J.K. and B.A.K. at Petitioner's new apartment. Intervenor played with the kids, had dinner together, and helped get G.J.K. bathed and ready for bed.

16) April 5, 2017, Intervenor met with Petitioner, G.J.K. and B.A.K. for dinner and played with the kids, and spent approximately three hours with G.J.K. that night.

Moreover, Mr. Andrews made the following allegations regarding his desire to financially and emotionally provide for the minor child as follows:

Intervenor further asserts that he is able to provide a stable and loving home for his son, both financially and as a caretaker. He has flexible work hours that allow for drop off and pick up from school and he rarely has to work on the weekends. As such, Intervenor will have ample time to spend with G.J.K. after school, on the weekends, and[] on holidays. In addition, he has a two-bedroom apartment, in close proximity to the minor child's current residence, wherein one bedroom is solely dedicated to the minor child.

More importantly, and as asserted herein above, Intervenor has established a connection with the minor child, G.J.K., who is at such a young age that commencement of an emotional bond is not damaging to the child in any way, but rather strengthens the need for the protection of the minor child's and father's fundamental constitutional rights to filiation and avowal.

On May 15, 2018, Mr. Kinnett moved to strike the portions of Mr. Andrews' supplemental petition in which he alleged that he had provided financial support and started spending time with G.J.K., on the grounds that whether the biological father had established a relationship with the child was not relevant to the question of constitutionality. Mr. Kinnett also filed a motion *in limine* asserting that "[a] proper challenge to the constitutionality of any statute does not require more than briefs and argument" and argued that Mr. Andrews should be prohibited from presenting any factual testimony or evidence at the constitutionality trial. Ms. Kinnett also filed a "Motion to Strike Expert Witnesses and Written Discovery…"

arguing that only briefs and arguments were appropriate and that Mr. Andrews should be prohibited from conducting any fact discovery or presenting any factual or expert evidence at trial on the issue of constitutionality.

On June 13, 2018, the trial court, Hon. John Molaison presiding, conducted a hearing on the motions *in limine* and motions to strike. At the June 13, 2018 hearing, Judge Molaison correctly pointed out that the constitutionality challenge presented in Mr. Andrew's supplemental petition is in fact an ordinary proceeding. Judge Molaison thus found discovery was proper and stated, "it's an ordinary proceeding and I cannot bar someone from attempting to introduce evidence to support that constitutional challenge to a statute" and "I believe the law allows the introduction of evidence to support a challenge to the constitutionality of the statute." On July 18, 2018, Judge Molaison issued a written judgment denying Mr. Kinnett's motion to strike the allegations stated in the amended petition as well as the motion to strike any fact witnesses. He also denied the motions to strike discovery and fact witnesses, having found that "fact discovery" was appropriate and stated "I think I have to reset this hearing, allow you folks to conduct your discovery, determine if you need any additional witnesses on your own, and then we set it for trial."[1]

Judge Molaison then issued a Scheduling Order setting forth discovery deadlines, authorizing the deposition of Mr. Andrews' expert, Dr. Sonnier, and setting a status conference for August 22, 2018 to determine the status of discovery and to set a trial date. Counsel for Mr. Andrews began the discovery process and noticed the depositions of both Mr. Kinnett and Ms. Kinnett.

On July 19, 2018, counsel for Mr. Kinnett filed a motion to quash the notice of deposition for Brandon Kinnett.[2] On July 31, 2018, Ms. Kinnett filed a motion

---

[1] As to the motion to strike expert witnesses, Judge Molaison continued that motion.
[2] Mr. Kinnett also filed a motion for protective order, which the trial court granted.

to quash the notice of video deposition of Karen Cohen Kinnett, again arguing that factual testimony was irrelevant to any constitutional analysis.

Soon thereafter, the then trial judge, Hon. John Molaison, was elected to this Court. On August 22, 2018, the Hon. Michael Kirby, Judge Pro Tempore, conducted a hearing on the motions to quash. Judge Kirby granted the motions to quash, finding that Mr. Kinnett's and Ms. Kinnett's depositions were not "relevant to establishing that Article 198 is unconstitutional."

On October 1, 2018, after a new trial judge had been appointed to preside over the case, Ms. Kinnett filed a "Motion *In Limine* to Exclude Testimony and Evidence of Any Fact Witness," seeking "an order prohibiting Intervenor from calling any fact witnesses at trial" on the constitutionality issue. This motion was nearly identical in substance to the motion *in limine* previously filed by Mr. Kinnett and denied by Judge Molaison. In her motion, Ms. Kinnett asserted that "testimony as to what relationship Intervenor may or may not have had with the minor and what action he may or may not have taken with respect to parenting the minor, does not make the constitutionality of Art. 198, more or less likely."

In opposition to this second motion *in limine*, Mr. Andrews argued that this Court had permitted amendment of his petition to appropriately challenge the constitutionality of article 198. He argued that, to appropriately and effectively challenge the constitutionality of La. C.C. art. 198, he would be required to put forth evidence to prove his standing to challenge the statute, as well as put forth evidence as to why the statute, as applied to him, is unconstitutional.

Prior to the hearing on the second motion *in limine*, the third judge to preside over this case was appointed *pro tempore*, the Hon. William Credo, III. In considering the arguments of Mr. Andrews' counsel that this is an ordinary proceeding and that Mr. Andrews has the burden of proving the factual allegations set forth in his supplemental petition in order to prove standing to assert the

constitutionality challenge, Judge Credo expressed that "I don't believe that I'm required to hear testimony of a factual nature to establish the right to challenge the constitutionality… ." By judgment dated October 23, 2018, Judge Credo granted the "Motion *in Limine* to Exclude Testimony and Evidence of Any Fact Witnesses," precluding any factual evidence from being introduced at the trial on the issue of constitutionality. Further, while Judge Credo recognized the possibility that "constitutional scholars, legislators, or those who possess highly specialized knowledge of the legislative history of the law in question" might serve as witnesses, the court found that neither the opinion of Mr. Andrews' expert, Dr. Sonnier, nor the testimony of Mr. Andrews or any other fact witness was related to "whether the statute serves a legitimate government purpose of protecting the status of a child vis-á-vis his mother and father, his family, his classmates, and the world."

On November 5 and December 18, 2018, Judge Credo presiding, the trial court heard and considered only oral arguments as to Mr. Andrews' constitutionality challenge raised in his supplemental petition. On January 10, 2019, the court issued its written judgment, holding "that La. Civ. Code art. 198 is constitutional. Keith Edward Andrews has failed to submit evidence that Article 198 violates either substantive or procedural rights to due process or that it fails to protect a fundamental liberty interest, as alleged in his First Supplemental and Amending Petition."[3]

Mr. Andrews filed a devolutive appeal. On appeal, Mr. Andrews complained of three trial court rulings: the trial court's June 2, 2017 judgment holding that his avowal action was preempted; the October 23, 2018 interlocutory judgment granting the motion *in limine* to exclude "any fact witness" in connection

---

[3] On October 30, 2018, Mr. Andrews filed a Notice of Intent to Proffer his own testimony and the testimony of his expert, Dr. Sonnier at the November 5, 2021 trial.

with the trial of his constitutionality challenge raised in his supplemental petition[4]; and the January 10, 2019 judgment holding that La. C.C. art. 198 is constitutional.

This Court issued an opinion, reversing the trial court judgment on the issue of peremption. Finding legal error that interdicted the fact-finding process, this Court conducted a *de novo* review and found that Ms. Kinnett in bad faith deceived Mr. Andrews regarding his paternity, observing: "there is no set of circumstances wherein a woman–who has had sexual relations with more than one man during the period of possible conception–may have an 'honest belief' that one man, and not the other, is the father." *Kinnett v. Kinnett*, 332 So.3d at 1152, citing *Kinnett v. Kinnett*, 302 So.3d at 177. This Court further held "as a matter of law that a married woman–whose husband is presumed to be the father of her child–who knows that it is possible that another man is the child's biological father has a duty to inform that man of his possible paternity." *Kinnett,* 302 So.3d at 179. Because we found Mr. Andrews' claim not perempted, this Court pretermitted "discussion of Mr. Andrews' assignments of error regarding the trial court's ruling that Article 198 is constitutional." *Kinnett*, 302 So.3d at 187.

The Louisiana Supreme Court reversed this Court and found that "a mother who knows another man is possibly the father of her child" is not in bad faith in failing to disclose that knowledge of possible paternity after the child's birth if a trial judge finds credible the mother's belief that one man, rather than the other— whom she had sexual relations within a single conception period— is the father. Having reversed this Court on the peremption of Mr. Andrews' avowal claim, the

---

[4] It is well-settled that although an interlocutory judgment may not itself be immediately appealable, it is nevertheless subject to review by an appellate court when a judgment is rendered in the case which is appealable. *Elysian, Inc. v. Neal Auction Co., Inc.*, 20-0674 (La. App. 4 Cir. 7/21/21), 325 So.3d 1075, 108, citing *People of the Living God v. Chantilly Corp.,* 251 La. 943, 947-48, 207 So.2d 752, 753 (1968) and *Phillips v. Gibbs,* 10-0175, p. 4 (La. App. 4 Cir. 5/21/10), 39 So.3d 795, 798; *see also Par. Nat. Bank v. Wilks*, 04-1439 (La. App. 1 Cir. 8/3/05), 923 So.2d 8, 11.

Louisiana Supreme Court remanded the matter to this Court for "consideration of Mr. Andrews' constitutional challenge." *Kinnett*, 332 So.3d at 1157.

This Court permitted the parties the opportunity to appear for oral argument and to file additional briefs for this Court's consideration.

## Discussion

The party challenging the constitutionality of a law has the burden of proving that the law is barred by a particular provision of the constitution. *W.R.M. v. H.C.V.*, 06-0702 (La. 3/9/07) 951 So.2d 172. First, a plaintiff challenging the constitutionality of a law has the burden of introducing evidence of his entitlement to bring a declaratory judgment action, *i.e.,* his standing to bring suit. *In re Melancon*, 05-1702 (La. 7/10/06), 935 So.2d 661, 667. The Louisiana Supreme Court has instructed that "a party has standing to argue that a statute violates the constitution only where the statute seriously affects the party's own rights. To have standing, a party must complain of a constitutional defect in the application of the statute to him or herself, not of a defect in its application to third parties in hypothetical situations." *Kinnett*, 332 So.3d at 1157, quoting *Melancon*, 935 So.2d at 667.

The United States Supreme Court has held that "a parent's desire for and right to 'the companionship, care, custody and management of his or her children' is an important interest that 'undeniably warrants deference and, absent a powerful countervailing interest, protection.'" *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C.*, 452 U.S. 18, 27, 101 S.Ct. 2153, 2159-60, 68 L.Ed.2d 640 (1981) (citing *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551 (1972)). However, the law is settled that a parent's constitutional right to parent his child does not arise by the mere circumstance of his child's birth. Rather, his liberty interest to parent his child arises with his demonstration of a full commitment to the responsibilities of parenthood by "com[ing] forward to

participate in the rearing of his child." *Tracie F. v. Francisco D.*, 15-224 (La. App. 5 Cir. 9/21/15), 174 So.3d 781, 797, *writ granted*, 15-1812 (La. 11/16/15), 184 So.3d 20, and *aff'd but criticized*, 15-1812 (La. 3/15/16), 188 So.3d 231, citing *Lehr v. Robertson*, 463 U.S. 248, 261, 103 S. Ct. 2985, 2993, 77 L. Ed. 2d 614 (1983), quoting *Caban,* 441 U.S., at 392, 99 S.Ct., at 1768. After such a showing is made, "his [the father's] interest in personal contact with his child acquires substantial protection under the due process clause. At that point it may be said that he "act[s] as a father toward his children." *Id.*, quoting *Caban*, 441 U.S. at 389, n. 7, 99 S.Ct., at 1766. Thus, for a biological father to properly assert a constitutionality challenge to a law governing paternity actions, he must present evidence to demonstrate his standing, *i.e.*, that he has grasped the opportunity to father or rear his child and to take an "interest in personal contact with his child." *Id*.

Upon review of the record and consideration of the errors alleged in connection with Mr. Andrews' appeal of the judgments rendered in connection with his constitutionality challenge to La. C.C. art. 198, we find that the trial judge, Judge Credo, erred in granting the motion *in limine* to exclude any fact witness and to, essentially, prohibit any fact discovery or evidence to be produced at trial in this matter. We further point out that Judge Molaison previously denied Mr. Kinnett's substantively identical motion *in limine* and found that "fact discovery" and "depositions" would be relevant and necessary for Mr. Andrews to establish standing to properly challenge the constitutionality of La. C.C. art. 198.

Because we find that the interests of justice would not be served without full discovery and a full evidentiary trial on Mr. Andrews' supplemental petition, with factual and/or expert testimony and evidence, we reverse the trial court's October 23, 2018 judgment granting the motion *in limine*, which affected the presentation of evidence, or lack thereof, permitted at trial, vacate the subsequent January 10,

2019 judgment holding La. C.C. art. 198 constitutional, and remand this matter to the trial court to allow the parties to conduct proper discovery and for a new trial on Mr. Andrews' supplemental petition raising the issue of La. C.C. art. 198's constitutionality.

**JUDGMENT ON MOTION IN LIMINE REVERSED; JUDGMENT ON CONSTITUTIONALITY VACATED; REMANDED FOR NEW TRIAL**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JULY 7, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 17-CA-625

## E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)

ALLISON K. NESTOR (APPELLEE)
DESIREE M. VALENTI (APPELLANT)
THOMAS A. ROBICHAUX (APPELLANT)

LEONARD L. LEVENSON (APPELLEE)
SHARON L. ANDREWS (APPELLANT)
RAMONA G. FERNANDEZ (APPELLEE)

JACQUELINE F. MALONEY (APPELLEE)
STEPHANIE A. FRATELLO (APPELLANT)

## MAILED

HONORABLE JEFFREY M. LANDRY
(APPELLEE)
ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 NORTH 3RD STREET
6TH FLOOR, LIVINGSTON BUILDING
BATON ROUGE, LA 70802

ASHLEY FISHER  (APPELLEE)
ELIZABETH FOX  (APPELLEE)
LINDSAY DEAN  (APPELLEE)
STUDENT PRACTITIONER
STUART H. SMITH LAW CLINIC &
CENTER FOR SOCIAL JUSTICE
7214 ST. CHARLES AVENUE
NEW ORLEANS, LA 70118

TRACY G. SHEPPARD (APPELLEE)
ATTORNEY AT LAW
412 DOLHONDE STREET
GRETNA, LA 70053

DAVID J. SMITH, JR. (APPELLEE)
JEFFREY M. WALE (APPELLEE)
ASSISTANT ATTORNEY GENERALS
LOUISIANA DEPARTMENT OF JUSTICE
POST OFFICE BOX 94005
BATON ROUGE, LA 70804-9005

CHRISTIAN W. HELMKE (APPELLEE)
DONNA R. BARRIOS (APPELLEE)
ATTORNEYS AT LAW
424 GRAVIER STREET
NEW ORLEANS, LA 70130